UNITED STATES DISTRICT COURT

Northern District of California

ALBERT DYTCH,

         Plaintiff,

  v.

JANE H. YOON,

         Defendant.

_____/

No. C 10-02915 MEJ

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

**ORDER GRANTING PLAINTIFF'S REQUEST TO STRIKE DEFENDANT'S "SUPPLEMENTAL TO MOTION TO DISMISS" AND DECLARATION IN SUPPORT THEREOF**

(Docket Nos. 4, 16)

      Pending before the Court is Defendant Jane H. Yoon's ("Defendant") Motion to Dismiss. Dkt. No. 4. Plaintiff Albert Dytch ("Plaintiff") has filed an opposition, (Dkt. No. 8), to which Defendant responded with a "Supplemental to Motion to Dismiss," which the Court construes as a reply (Dkt. No. 14).[1] Plaintiff has also filed a Request to Strike Defendant's reply. Upon review of the parties' filings, the Court finds this matter suitable for disposition without oral argument and hereby VACATES the March 17, 2011 hearing. *See* Civil Local Rule 7-1(b). For the reasons stated below, the Court DENIES Defendant's motion to dismiss and GRANTS Plaintiff's request to strike Defendant's reply.

## I. BACKGROUND

      Plaintiff brings this case under Title III of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12181-12189. In his Complaint, filed July 1, 2010, Plaintiff states he suffers from muscular dystrophy, does not have the substantial use of his legs, and is a "person with a disability" that requires the use of a wheelchair. Compl. ¶ 1, Dkt. No. 1. Plaintiff alleges that he was denied full and equal access to the Pho Anh Dao restaurant (the "Restaurant"), located at 280 East 18th Street, Oakland, California, because of an inaccessible entrance and inaccessible

---

[1] Defendant's "Supplemental" is more properly considered a reply brief pursuant to Civil Local Rule 7. Accordingly, the Court shall construe it as such herein.

bathroom. *Id*. ¶¶ 2-3. Plaintiff alleges that he patronized the Restaurant on April 17, 2010, and required help entering because the clearance was too narrow. *Id.* ¶ 13. Plaintiff further alleges that he wanted to use the men's restroom but was unable to do so because it has many inaccessible features. *Id.*

Plaintiff alleges that Defendant owns the real property where the Restaurant is located. *Id.* ¶ 2. He seeks injunctive relief to require Defendant to correct the alleged barriers and make all reasonable accommodations to enable him and others similarly situated to use the Restaurant. *Id.* ¶ 3. Plaintiff also seeks statutory damages and attorney's fees and costs. *Id.*

On September 14, 2010, Defendant filed the present motion to dismiss. Dkt. No. 4. In her motion, Defendant argues that Plaintiff's Complaint fails to state a cause of action because the commercial building leased to the Restaurant was built before enactment of the ADA. Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 1:24, Dkt. No.5. On January 4, 2011, Defendant also filed a reply in which she states that the Restaurant's entry door and bathroom have been updated, thus rendering Plaintiff's complaint moot. Def.'s Suppl. at 2:8-18, Dkt. No. 14. In response, Plaintiff filed a Request to Strike, arguing that Defendant's brief and declaration filed in support are based on materials outside the pleadings and assert a new theory of why the case should be dismissed. Dkt. No. 16.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Rule 8, which provides the standard for judging whether such a cognizable claim exists, requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a motion to dismiss, a complaint need not provide detailed factual allegations. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

### III. DISCUSSION

Here, Defendant argues that the ADA does not apply because the building leased by the Restaurant was built prior to its enactment. Defendant argues that this case seeks retroactive application of the ADA, which she maintains is an unenforceable *ex post facto* law. Def.'s Mem. at 2:15-3:10, Dkt. No. 5. Defendant bases her argument on The Federalist Papers and a generalized citation to *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1019 (1992), in which the Supreme Court held that a zoning law which causes a property owner to sacrifice all economically beneficial uses of his property is unconstitutional. However, Defendant cites to no authority related to the ADA.

Title III of the ADA prohibits places of public accommodation from discriminating against disabled individuals. 42 U.S.C. § 12182(a). In enacting the ADA, Congress adopted two distinct

3

1 systems for regulating building accessibility: one to apply to existing facilities (those designed and
2 constructed for occupancy before January 26, 1993) and another to apply to newly constructed or
3 altered facilities. 42 U.S.C. § 12183(a)(1), § 12182(b)(2)(A)(iv). Congress also directed the
4 Department of Justice to issue regulations implementing Title III. 42 U.S.C. § 12186(b).

5 Only newly constructed or altered facilities must comply with the ADA Accessibility
6 Guidelines, which were drafted by the Architectural and Transportation Barriers Compliance Board
7 and incorporated in the Department of Justice regulations as Appendix A of 28 C.F.R. Part 36. *See*
8 28 C.F.R. § 35.151(c). Existing facilities, in contrast, must remove architectural barriers to access
9 only where such removal is "readily achievable."[2] *See* 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, the
10 ADA specifically applies to buildings built prior to its enactment.

11 "The determination of whether a statute's application is prospective or retroactive depends
12 upon whether the conduct that allegedly triggers the statute's application occurs before or after the
13 law's effective date." *Pinnock v. Int'l House of Pancakes Franchisee*, 844 F. Supp. 574, 584 (S.D.
14 Cal. 1993) (internal quotations omitted) (holding that Title III of the ADA is not retroactive
15 legislation as applied to existing facilities). "Congress routinely acts to regulate existing businesses,
16 programs, and structures, imposing new guidelines which reflect the changing social and
17 environmental standards of our democratic system. The fact that such legislation affects existing
18 entities does not insulate responsible parties from compliance with the law." *Id.* The relevant
19 inquiry is whether the legislation imposes liability or penalty for conduct occurring prior to the
20 effective date of the statute. "The determination of whether a statutes application in a particular
21 situation is prospective or retroactive depends upon whether the conduct that allegedly triggers the
22 statute's application occurs before or after the law's effective date." *McAndrews v. Fleet Bank*, 989

---

[2] "To prevail on a discrimination claim based on an architectural barrier, a plaintiff must prove that: (1) the existing facility presents an architectural barrier prohibited under the ADA; and (2) the removal of the barrier is readily achievable." *Eckert v. Donahue Schriber Co.*, 2003 WL 24273566, at *2 (E.D. Cal. 2003) (citation omitted). Once plaintiff presents "evidence tending to show that the suggested method of barrier removal is readily achievable, . . . [d]efendant then bears the ultimate burden of persuasion that barrier removal is not readily achievable"). *Id.* (citation omitted).

4

F.2d 13, 16 (1st Cir.1993). The ADA provided an 18-month notice period in which businesses could comply with the Act's requirements, and no liability was imposed prior to the end of that period. *See* 42 U.S.C. § 12181 note (Supp. II 1990). Small businesses were given an even lengthier notice period. *Id.* Plaintiff's Complaint was not filed until July 1, 2010, nearly twenty years after the ADA was passed on July 26, 1990. Thus, the requirements of Title III do not subject Plaintiff to retroactive legislation. Defendant's motion is therefore DENIED.

As to Defendant's reply, the Court finds that it raises new arguments not raised in Defendant's motion. "It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers. *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000); *see also State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) ("[Parties] cannot raise a new issue for the first time in their reply briefs." (citations omitted)); *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) (citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n. 5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ( "Issues raised for the first time in the reply brief are waived."); *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief."). Defendant's argument that the Restaurant's entrance and bathroom have been updated was raised for the first time in her reply brief. As a result, it is improper for the Court to consider it. Further, Defendant's reply fails to address any arguments raised in either her motion or Plaintiff's opposition. Accordingly, the Court GRANTS Plaintiff's request to strike.

## IV.  CONCLUSION

Based on the analysis above, the Court hereby DENIES Defendant's motion to dismiss and GRANTS Plaintiff's request to strike Defendant's "Supplemental to Motion to Dismiss."

**IT IS SO ORDERED.**

Dated:

_____
Timothy J. Bommer
United States Magistrate Judge

5